Submitted on briefs February 26, affirmed March 5, 1918.

# PRATT *v.* GIBSON.

## (171 Pac. 223.)

**Appeal and Error—Absence of Bill of Exception—Extent of Review.**

1. No bill of exceptions accompanying transcript and defendant's assignments being that court erred in overruling demurrer to complaint and in refusing and in giving instructions, the only matter which will be considered on appeal is the ruling upon demurrer; the objection that a complaint does not state facts sufficient to constitute a cause of action never being waived under Section 72, L. O. L.

**Animals—Injuries—Complaint—Sufficiency.**

2. A complaint alleging that plaintiff was the owner of and entitled to possession of one Jersey bull calf of the age of five months worth $100, and that defendants caught said calf and castrated him, to the damage of plaintiff in the sum of $100, was sufficient.

[As to liability for injuries by and to animals, see notes in 16 Am. St. Rep. 631; 36 Am. St. Rep. 831.]

From Crook: T. E. J. DUFFY, Judge.

In Banc.    Statement by MR. JUSTICE MOORE.

This action was commenced by Alice D. Pratt in a Justice's Court of Crook County, Oregon. The complaint reads:

"Comes now the above-named plaintiff, and for cause of action against the above-named defendants, complains and alleges as follows, to wit: 1. The plaintiff complains and alleges that on or about the 25th day of March, 1916, in Crook County, Oregon, the plaintiff was the owner of and entitled to the possession of one Jersey bull calf of the age of about five months; that said calf was sired by pure bred Jersey bull out of an extra good high-grade Jersey milk cow; that said calf was of the value of $100.00.

"2. The plaintiff alleges that the above-named defendants, Joe Gibson, Grover Gibson, Ralph Gibson, and Earnest Gibson, acting together caught the above mentioned calf and castrated him on the 25th day of March, 1916, at their ranch in Crook County, Oregon,

to the damage of the plaintiff in the sum of $100 (one hundred dollars)."

Judgment was demanded for that amount and for the costs and disbursements of the action.

The answer is as follows:

"Comes now the defendants in the above-entitled action and admit, denies and alleges as follows, to wit: We admit all of section 1 (one) of the plaintiff's complaint, except the alleged value of the calf. We deny each and every allegation of section 2 (two) of plaintiff's complaint, and allege that we neither acting together nor single handed did castrate nor in any way harm any calf belonging to the above-named plaintiff."

Judgment was demanded for the costs and disbursements.

The cause was tried in that court and a verdict was returned in plaintiff's favor and against Joe Gibson alone for $75, as damages, and a judgment therefor and for the costs and disbursements having been rendered, he appealed to the Circuit Court for that county. He interposed in that court a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against him. The demurrer was overruled and the cause being retried resulted in a like verdict and judgment. Upon motion, however, it was ordered that unless the plaintiff remitted $37.50 of the sum so recovered, the judgment should be set aside and a new trial granted. This condition was complied with and from the amended judgment the defendant against whom the judgment was given appeals to this court.          AFFIRMED.

For appellant there was a brief submitted by *Mr. N. G. Wallace.*

For respondent there was a brief over the name of *Mr. Jay H. Upton.*

MR. JUSTICE MOORE delivered the opinion of the court.

1, 2. The transcript filed herein contains a copy of the demurrer, duplicates of the orders made by the Circuit Court, copies of the verdict, the judgment, the notice of appeal, the undertaking therefor, the exception to the sufficiency of the sureties thereon, and the ruling of the court in relation thereto, to which the certificate of the clerk is appended. There have also been sent up the original papers filed in the Justice's Court and copies of orders made therein to which the clerk also attaches his certificate. No bill of exceptions, however, accompanies the transcript.

The appellant's counsel assigns as errors alleged to have been committed by the trial court its action in overruling the demurrer, its refusal to instruct the jury as requested, and its giving of instructions to which exceptions were taken. None of these matters are properly before us for consideration, except the ruling upon the demurrer, for the objection that the complaint does not state facts sufficient to constitute a cause of action is never waived: Section 72, L. O. L. An examination of the averments of the complaint, as hereinbefore set forth, will show that the initiatory pleading is sufficient in all particulars. The judgment should therefore be affirmed, and it is so ordered.

AFFIRMED.